**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4767**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES LEE HERMAN, JR., a/k/a Herman Lee James, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:19-cr-00107-1)

Submitted:  September 30, 2020                      Decided:  October 7, 2020

Before GREGORY, Chief Judge, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Julie M. White, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lee Herman, Jr.,* entered a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), reserving the right to appeal the district court's denial of his motion to suppress. In his motion, Herman argued that the arresting officer unlawfully searched him during a traffic stop, requiring that the firearm recovered during that search be excluded from evidence. In response, the Government argued that the officer had probable cause to arrest Herman for driving under the influence of alcohol; that, absent the discovery of the firearm, the officer would have arrested Herman for driving under the influence and performed a search incident to that arrest; and that in performing that search, the officer inevitably would have discovered the firearm. The district court agreed with the Government and denied Herman's motion to suppress. Herman now appeals that ruling. For the reasons that follow, we affirm.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Generally, the government is prohibited from using evidence discovered in an unlawful search against the individual whose constitutional right was violated." *United States v. Seay*, 944 F.3d 220, 223 (4th Cir. 2019), *as amended* (Dec. 4, 2019). However, this rule is subject to certain exceptions. *Id.* "One such exception is the inevitable discovery doctrine, which allows the government to use evidence gathered in an

---

* Appellant asserts that his true name is Herman James. (Appellant's Br. (ECF No. 13) at 1 n.1). Because the district court's docket lists the named defendant as "James Lee Herman, Jr.," this court's practice is to do likewise in an effort to avoid inconsistency.

otherwise unreasonable search if it can prove by a preponderance of the evidence that law enforcement would have ultimately or inevitably discovered the evidence by lawful means." *Id.* (internal quotation marks omitted). "'Lawful means' include an inevitable search falling within an exception to the warrant requirement . . . that would have inevitably uncovered the evidence in question." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017).

"[W]hen law enforcement officers have probable cause to make a lawful custodial arrest, they may—incident to that arrest and without a warrant—search the arrestee's person and the area within his immediate control." *United States v. Ferebee*, 957 F.3d 406, 418 (4th Cir. 2020) (internal quotation marks omitted). "The constitutionality of a search incident to an arrest does not depend on whether there is any indication that the person arrested possesses weapons or evidence. The fact of a lawful arrest, standing alone, authorizes a search." *Id.* (alteration and internal quotation marks omitted).

"It is well-settled under Fourth Amendment jurisprudence that a police officer may lawfully arrest an individual in a public place without a warrant if the officer has probable cause to believe that the individual has committed, is committing, or is about to commit a crime." *United States v. Dickey-Bey*, 393 F.3d 449, 453 (4th Cir. 2004). "Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (alterations and internal quotation marks omitted). "While probable cause requires more than bare suspicion, it

3

requires less than that evidence necessary to convict." *Id*. at 556 (internal quotation marks omitted).

In determining whether probable cause existed for an arrest, we must look at the totality of the circumstances surrounding the arrest. *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983); *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). Determining whether the information surrounding an arrest is sufficient to establish probable cause is an individualized and fact-specific inquiry. *Wong Sun v. United States*, 371 U.S. 471, 479 (1963). "Whether probable cause exists in a particular situation always turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Graham v. Gagnon*, 831 F.3d 176, 184 (4th Cir. 2016) (alteration and internal quotation marks omitted).

As relevant to the instant appeal, any person driving a vehicle in West Virginia while "in an impaired state" is guilty of a misdemeanor. W. Va. Code § 17C-5-2(e) (2019). "Impaired state" means a person is under the influence of alcohol, any controlled substance, or any other drug. W. Va. Code § 17C-5-2(a)(1).

When reviewing a district court's ruling on a motion to suppress, we review "conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir. 2020) (internal quotation marks omitted), *petition for cert. filed*, No. 19-8678 (U.S. June 3, 2020). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id*. (alterations and internal quotation marks omitted).

4

"Whether law enforcement would have inevitably discovered the evidence by lawful means is a question of fact" on which we accord "great deference to the district court's findings." *Bullette*, 854 F.3d at 265. "A court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Ferebee*, 957 F.3d at 417 (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (internal quotation marks omitted). When alternate views of the evidence are plausible in light of the record as a whole, "the district court's choice between them cannot be clearly erroneous." *United States v. Stevenson*, 396 F.3d 538, 542 (4th Cir. 2005) (alterations and internal quotation marks omitted).

Based on our review of the record, we conclude that the district court did not err in crediting the arresting officer's testimony and finding that the arresting officer had probable cause to arrest Herman for driving under the influence. We further conclude that the district court did not err in finding that, absent the discovery of the firearm, the arresting officer would have arrested Herman for driving under the influence, would have searched him incident to that arrest, and inevitably would have discovered the firearm. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*